**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4886**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ANTONIO STANFORD RIVERS,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(2:08-cr-00142-DCN-1)

Submitted:  April 16, 2009          Decided:  April 22, 2009

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Robert Haley, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant.  Matthew J. Modica, Assistant
United States Attorney, Charleston, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Antonio S. Rivers pled guilty to knowing possession by a felon of a firearm and ammunition which had traveled in interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e)(1) (2006) (Count 1), and knowing use and carrying of a firearm during and in relation to, and possession of a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006) (Count 3). The district court sentenced Rivers to 106 months' imprisonment, at the low end of a properly-calculated guidelines range, and a three-year term of supervised release on each count, to run concurrently. Rivers' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court complied with Fed. R. Civ. P. 11 in accepting Rivers' guilty plea, and whether the district court abused its discretion by not imposing a below-guidelines sentence, but concluding that no meritorious issues for appeal exist. Rivers was advised of his right to file a pro se supplemental brief, but did not do so.

Rivers first challenges the adequacy of his plea hearing, but concludes that there were no deficiencies in the district court's Rule 11 inquiries. We find that the district court fully complied with the mandates of Rule 11 in accepting Rivers' guilty plea and properly determined both that Rivers was

2

entering his plea knowingly, intelligently, and voluntarily, and that the plea was supported by an independent factual basis. United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Rivers also questions whether the district court abused its discretion in failing to impose a sentence below the applicable guidelines range. Our review of the record discloses that the district court followed the necessary procedural steps in sentencing Rivers, properly calculated the guidelines range, and considered the factors set forth in 18 U.S.C. § 3553(a) (2006). See Gall v. United States, 128 S. Ct. 586, 597 (2007). We also find that the district court meaningfully articulated its decision to sentence Rivers within the advisory guidelines range. See id.; Rita v. United States, 551 U.S. 338, ___, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness on appeal for within-guidelines sentence). Thus, we conclude that Rivers' sentence is reasonable.

We have reviewed the record in accordance with Anders and affirm Rivers' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

3

representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED